Ronald Yonaguska (S) Holloway
2026 Hemlock Farms
Hawley Pa. 18428
570-229-7860
Rsh17d@yahoo.com

U.S. DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

PO BOX 1148

235 N. WASHINGTON AVENUE

SCRANTON, PA 18501-1148

**FILED SCRANTON**
MAY 24 2024
PER_____
DEPUTY CLERK

| | |
|---|---|
| Commonwealth of Pennsylvania<br><br>Plaintiff<br><br>V.<br><br>RONALD S. HOLLOWAY SR.<br><br>Individually, and as Principal Blood Chief of the Raritan Indians/ SandHill Band of Indians and as trustee of the SandHill Indians Tribal Trust<br><br>Defendant | Case No.:<br><br>3:CV-24-0861<br><br>NOTICE OF REMOVAL FROM STATE COURT |

NOTICE OF REMOVAL FROM STATE COURT - 1

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1331, 28 U.S.C. §1443(1), and 28 U.S.C. 1455(b)(1) Defendant RONALD S. HOLLOWAY SR., individually, as Principal Blood Chief of the Raritan Indians/ SandHill Band of Indians, and as trustee of the SandHill Indians Tribal Trust, files this Notice of Removal of the above referenced criminal action. Defendant is a Lenape Indian and the Chief of a Lenape Tribe of Historical note- more commonly referred to as the Delaware Indians-and, Defendant has constitutional rights protected by the Treaty of Fort Pitt in accordance with Article VI Clause II of the US Constitution which upholds Treaties as the Supreme Law of the Land. Plaintiff's criminal action deprives Defendant of his federally guaranteed and exclusive civil rights as a Lenape Indian by usurping the jurisdiction of the Federal Government and undermining an existing Federal Treaty. Plaintiff's State Court case also violates the 14th Amendment to the Constitution which prohibits State enforcement of any law that abridges the privileges or immunities of citizens of the United States. This Notice of Removal to the United States Court for the Middle District of Pennsylvania is proper because common questions of law and fact concerning Treaty Law, Constitutional Law, Federal Law, and Tribal Law are involved, and because Plaintiff's criminal complaint deprives defendant of his federally guaranteed and exclusive civil rights as a Lenape Indian.

## TIMELENESS of REMOVAL

1. Plaintiff filed criminal action on or about January 18,2024 in the Magisterial Court of Marshals creek Pa: MJ-43401-CR-0000011-2024 for violations of code 18 §2706 §A3 serious public inconvience,18 §2709 harassment, and 5503 §A4 disorderly conduct of the Commonwealth of Pennsylvania Penal Code.
2. Defendant was served on or about February 16, 2024.
3. Pursuant to 28 U.S.C. §1446(b); a defendant must file a notice of removal within thirty days from the date that the defendant receives formal service of process.

NOTICE OF REMOVAL FROM STATE COURT - 2

4. 28 USC §1455(b)(1) allows for criminal cases to be removed from state jurisdiction to federal jurisdiction after the 30-day time limit for good cause.

5. On March 11, 2024, defendant removed this action to the United States District Court for the Eastern District of Pennsylvania.

6. As a Pro Se litigant defendant was under the impression that since he is a resident of Pike County PA, and it is the in the extreme eastern portion of Pennsylvania, that he was to file in the United States District Court for the Eastern District of Pennsylvania.

7. On April 25, 2024, the United States District Court for the Eastern District of Pennsylvania informed Defendant that the United States District Court for the Middle District was in fact the correct venue for this filing.

8. Defendant has refiled this Notice of Removal with the United States District Court for the Middle District of Pennsylvania in accordance with the good cause clause of 28 USC 1455(b)(1) because this case involves a federal question and because this case implicates the deprivation of constitutional and exclusive civil rights of a US Citizen who is a Lenape Indian; rights that cannot be enforced in State Court.

### GROUNDS FOR REMOVAL

9. This Notice of Removal is filed in accordance with 28 USC §1331 as this matter concerns federal questions of whether the commonwealth's criminal case violates the terms of the Treaty of Fort Pitt which is enforceable in accordance with Article VI Clause II of the US Constitution; and whether the Commonwealth's criminal case violates the 14th Amendment of the US Constitution. This notice of removal is also filed and in accordance with 1443(1), as this is a criminal case involving constitutional, and exclusive civil rights of a US Citizen, and which cannot be enforced in state court. This notice of removal is also filed in accordance with 28 U.S.C. §1455(b)(1) which allows criminal cases to be removed after the time limit for good cause.

NOTICE OF REMOVAL FROM STATE COURT - 3

**28 U.S.C. § 1331**

10. In accordance with 28 U.S.C. §1331 this Court has original Jurisdiction over federal questions relating to the Constitution and treaties of the United States.

11. Defendant(s) is a Lenape Indian, more commonly referred as a Delaware Indian, who is a tribal national of and Principal Chief of the Raritan Indians (more commonly known as the SANDHILL BAND OF INDIANS) ("Tribe").

12. The Tribe is an Indian tribe of the Raritan Indians/SandHill Band of Indians that is distinguishable from the Federally Recognized Delaware Indian Nation.

13. The Tribe is comprised of the consanguineous lineage of the HOLLOWAYS, THOMPSONS, MANN, REEVEY, REEVY, RICHARDSON, RICHARDS, ROCKS, SASS, BEELER, CRUMMEL, ASHTON, HILL, RAY, CLAY, VAN ETTA, HORNER, DAVIS, MYER, and WOLFE family surnames. These family surnames are historically acknowledged as Sandhill/Raritan in more commonly known as documents and records.

14. The Tribe is governed by a Council of Clan Chiefs who are all SandHill and who are all consanguineous with particular family surnames comprising the tribe.

15. The Tribe is acknowledged as an original border and boundary of the original settlements in Philadelphia, being officially acknowledged by the British Crown as early as 1700.

16. The Tribe acts in accordance with its own constitution and customary law and the Council of Clan Chiefs is the Tribes supreme authority.

NOTICE OF REMOVAL FROM STATE COURT - 4

17. The Tribe is not federally recognized but meets federal standards for an Indian tribe as a sovereign insular area political organization in accordance with 48 U.S.C. §1451 and as a unit of local government in accordance with 31 U.S.C. §6720(a)(1)(B).

18. The Tribe is a sovereign Indian Tribe in accordance with federal common law standards. See **Montoya v. United States**, 180 U.S. 261, 266 (1901) (federally unrecognized Indian tribes meeting common-law requirements of ethnicity, continuity, leadership, and territoriality enjoy sovereign immunity from suit as federally recognized Indian tribes).

19. The tribe has never conferred on the Commonwealth of Pennsylvania any jurisdiction to interfere with the rights of Defendants to be protected by the rights guaranteed to the Tribe by the Treaty of Fort Pitt.

20. Plaintiff's claims violate Article VI Clause II of the United States Constitution which upholds treaties as the Supreme Law of the land, by usurping the authority of the federal government related to infliction of punishment and securing of offenders.

21. As Defendant is a Lenape, and Chief of a historically noted Lenape Tribe, a Tribe which is party to and a Beneficiary of the Treaty of Fort Pitt Defendant, is protected by the Treaty of Fort Pitt which makes enforcement against the Defendant exclusive to the Federal Government.

22. The Plaintiff's case also violates the 14th Amendment which prohibits state enforcement of any law that abridges the privileges or immunities of citizens of the United States.

23. Per the language of the Treaty of Fort Pitt jurisdiction to enforce any punishment against Defendant is the exclusive jurisdiction of the Federal Government and therefore prohibited by Plaintiff who is not the United States Federal Government.

24. Article IV of the Treaty of Fort Pitt confirms that jurisdiction related to the Tribe is exclusive to the United States Federal government related to infliction of punishment and securing defenders by stating

25. "neither party shall proceed to the infliction of punishments on the citizens of the other, otherwise than by securing the offender or offenders by imprisonment, or any other competent

NOTICE OF REMOVAL FROM STATE COURT - 5

means, till a fair and impartial trial can be had by judges or juries of both parties, as near as can be to the laws, customs and usages of the contracting parties and natural justice."

26. Since the Plaintiff's criminal case violates the Treaty of Fort Pitt, and because the 14th Amendment prohibits Plaintiff from enforcement of any law that abridges the privileges or immunities of citizens of the United States this case involves federal questions of whether Plaintiff's claims violate a United States treaty or violate the US Constitution, and this action may be removed Federal Court in accordance with 28U.S.C. § 1331.

27. **28 U.S.C. § 1443(1)**

28. The Plaintiff's case is removable in accordance with 28 U.S.C. § 1443 (1) which confirms that criminal prosecutions, commenced in a state court may be removed by the Defendant to the District Court of the United States for the District and Division embracing the place wherein it is pending.

29. Article IV of the treaty of Fort Pitt between the Delaware Indians and the United States Federal Government clearly states "neither party shall proceed to the infliction of punishment on the citizens of the other, otherwise than by securing the offender or offenders by imprisonment, or any other competent means, till a fair and impartial trial can be had by judges or juries of both parties, as near as can be to the laws, customs, and usages of the contracting parties and natural justice."

30. Defendant cannot enforce his Federal Treaty Rights under the Treaty as a Lenape Indian under the treaty of Fort Pitt in State Court as Plaintiff lacks the jurisdiction or authority to grant, deny or modify a Federal Treaty with a sovereign Indian Tribe.

31. Plaintiff's actions serve to deprive Defendant of his Civil Rights guaranteed by a Treaty which are exclusive to Defendant as a Lenape Indian, and which is an action that the Plaintiff's courts have no jurisdiction or authority over.

32. Plaintiff's criminal action deprives Defendant of civil rights that are exclusive to Defendant as a Lenape Indian and that have been agreed to by the Federal Government in the Treaty of Fort Pitt.

NOTICE OF REMOVAL FROM STATE COURT - 6

33. To Sustain a removal under 28 U.S.C. § 1443(1), the defendant must satisfy a two-pronged test by showing "(1) that he is being deprived of rights guaranteed by a federal law providing for equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." Davis v. Glanton, 107 F.3d 1044, 1047 (3rd Cir 1997) (quoting Georgia v. Rachel, 384 U.S. 780, 788 (1966).

34. As treaty rights are civil rights which are directly applicable to Defendant as a National of the Tribe which is party to and beneficiary of the Treaty of Fort Pitt, and that the treaty rights are not generally applicable to all persons or citizens.

35. Because Defendant's civil rights as a Lenape Indian are guaranteed by the Treaty of Fort Pitt, because the Treaty of Fort Pitt determines that jurisdiction is exclusive to the United States Federal Government, because plaintiff's actions deprive Defendant of these exclusive civil rights, and because Defendant's exclusive civil rights cannot be enforced in state court, this action is removable in accordance with 28 U.S.C. § 1443 (1).

**36. 28 U.S.C. § 1455(b)(1)**

37. Plaintiff's case is removable in accordance with 28 U.S.C. § 1455(b) (1) for good cause.

38. As a Pro Se litigant living in Pike County Pa. which is the eastern most County in the Commonwealth, Defendant was under the impression that he should file at the Eastern District Courthouse in Allentown PA.

39. Defendant was unaware that the Middle District Court was the proper venue until Defendant was informed by the Eastern District Judge that the correct venue for hearing this case is the Middle District Court in Scranton PA as the allegation comes from Monroe County not Pike County where Defendant lives. As a result, Defendant has refiled this Notice of Removal with the Federal Court for Middle District for Pennsylvania in Scranton PA.

NOTICE OF REMOVAL FROM STATE COURT - 7

40. As a result Defendant has refiled this Notice of Removal with the federal Court for the Middle District of Pennsylvania.

41. **Court leniency for *pro se* litigant**

42. Under the due process clause, a *pro se* litigant is entitled to have their pleading liberally constructed by the Court. See Haines v. Kerner, 404 U.S. 519 (1972).

43. "Due process, 'unlike some legal rules. is not a technical conception with a fixed content unrelated to time, place, and circumstance. *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 341 U.S. 162 (1951) (concurring opinion). Rather, it is 'flexible, and calls for such procedural protections as the particular situation demands'. *Morrissey v. Brewer*, 408 U.S. 47, 408 U.S. 481 (1972)." Little v. Streater, 452 U.S. 1, 5 (1981).

44. A *Pro Se* litigant is denied due process if procedural requirements work to deny him a meaningful opportunity to be heard. See Boddie v. Connecticut, 401 U.S. at 371,377-80 (1971).

45. A *Pro Se* litigants opportunity to be heard should be "granted at a meaningful time and in a meaningful manner." Logan v. Zimmerman Brush Co., 455 U.S. 422,437 (1982), Quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965). See also Little v. Streater, 452 U.S. 1, 5-6 (1981).

46. Defendant respectfully submits that when Plaintiffs Complaint commenced, Defendant, acting in *PRO Se* litigants' capacity, was extremely unfamiliar with the procedural requirements of these consolidated criminal actions.

47. Because of the prohibitive costs of hiring legal counsel possessing the requisite knowledge of and experience with Federal Indian Law to effectively represent Defendant's arguments, Defendant resorted to advancing his cases as a *Pro Se* litigant.

48. To the best of his knowledge and ability as a *Pro Se* litigants Defendant has filed this notice of removal to federal jurisdiction.

49. Defendants respectfully submits that if the current disposition of these consolidated criminal actions is maintained, Plaintiff may in the future style its complaints in a similar form to

NOTICE OF REMOVAL FROM STATE COURT - 8

circumvent federal jurisdiction invalidate federal treaty rights, confer jurisdiction on state courts in violation of the U.S. Constitution, and deprive other Lenape Indians of civil rights that are exclusive to them as Lenape Indians.

50. Defendants respectfully submits that as a *Pro Se* litigant, Defendant has at all times conducted himself in a good faith, honestly, and to the best of his ability.

51. In accordance with due process standards, and because Defendant is a Pro Se litigant, to preserve the integrity of federal supremacy involving matters related to federal treaties with Sovereign Indian Tribes, and to ensure that Defendant is not deprived of his exclusive civil rights as a Lenape Indian, and to ensure that Defendant has an opportunity to be heard at a meaningful time and in a meaningful manner, in accordance with 28 U.S.C. §§1455(b)(1), and for good cause the court should exercise leniency and allow Defendant's Notice of Removal beyond the 30 day time limit.

52. **FILING AND SERVICE OF NOTICE**

53. Pursuant to Pennsylvania Criminal Code, Defendants will within 14 days of filing with the clerk of the Magisterial Court of Marshalls Creek Pa., and the County of Monroe Pennsylvania Court of Common Pleas to assemble and electronically transmit a certified copy of the docket sheet and all documents filed in this case.

## Conclusion

WHEREFORE, Defendants respectfully submit that for all the reasons previously expressed, the Court should allow Defendant to remove these consolidated criminal actions, to the United States District Court for the Middle District of Pennsylvania.

NOTICE OF REMOVAL FROM STATE COURT - 9

Respectfully Submitted,

RONALD S. HOLLOWWAY

2026 Hemlock Farms

Hawley Pa. 18428

570-229-7860

R-hhway@yahoo.com

Dated: 05/18/2024

**CERTIFICATE OF SERVICE**

I Maria Lorena Cosme, do hereby certify that on May 18, 2024, a copy of the foregoing Notice of Removal was filed with the Magisterial District Court of Marshals Creek, County of Monroe, and Court of Common Pleas, County of Monroe, Pa., and served via United States Postal Service with a notice to the following:

    Clerk of the Magisterial Court

    P.O. Box 1127

    1155 RedFox Road

    Marshalls Creek Pa. 18335

and,

    Monroe County Clerk of the Courts

    Monroe County Courthouse

NOTICE OF REMOVAL FROM STATE COURT - 10

701 Main St.

#200

Stroudsburg Pa. 18360

and,

Pennsylvania Attorney General

393 Walnut St.

Strawberry Square

Harrisburg Pa. 17120

Maria Lorena Cosme

570-229-1284

m.lorena.cosme@gmail.com

Dated this day of Month, year. 5/18/24

Pro Se Name

NOTICE OF REMOVAL FROM STATE COURT - 11

Holloway
3036 Hemlock Farms
Hawley, Pa. 18428

